IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-CV-00298-RJC-DSC

| | |
|---|---|
| ELECTROLUX HOME PRODUCTS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| TARHEEL PLASTICS, LLC AND CRESTMARK BANK, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss and/or Change Venue," Doc. 8, Plaintiff's "Motion to Remand, Motion for Award of Costs and Fees and Supporting Memorandum of Law," Doc. 12, and the parties' associated briefs and exhibits. See Docs. 9, 15-19.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Plaintiff's Motion to Remand be granted; Plaintiff's Motion for Award of Costs and Expenses be denied; and Defendant's Motion to Dismiss be denied as moot as discussed below.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Electrolux Home Products, Inc. ("Electrolux") is a Delaware corporation with its national headquarters in Charlotte, North Carolina. Defendant Tarheel Plastics, LLC ("Tarheel")

is a North Carolina corporation with its principal place of business in Lexington, North Carolina. Defendant Crestmark Bank ("Crestmark") is a Michigan banking corporation with its principal place of business in Detroit, Michigan.

Based upon the facts contained in the Complaint, Tarheel contracted with Electrolux to provide certain plastic parts to Electrolux plants in North Carolina, South Carolina, and Mexico during 2008. Electrolux agreed to purchase resin and deliver it to Tarheel. Electrolux also provided special tooling and molds to Tarheel's facility to be used in manufacturing the plastic parts according to Electrolux's specifications. In accordance with their agreement, Tarheel invoiced Electrolux for the plastic parts. Electrolux paid Tarheel's invoices after adjusting them periodically to set off the cost of the resin.

Crestmark and Tarheel are parties to various agreements in connection with loans by Crestmark to Tarheel. The loans were secured by first priority security interests in all of Tarheel's personal property, including accounts receivable, inventory and equipment.

In 2013, Tarheel ceased its operations. Electrolux demanded that Tarheel return all of its manufactured plastic parts, proprietary tooling and molds, and resin stocks. Crestmark objected to Electrolux taking possession of these items based upon its position as a secured creditor of Tarheel. In order to avoid plant closures, Electrolux entered into an Accommodation Agreement with Crestmark on October 4, 2013. The Agreement required Electrolux to pay Crestmark $100,000 and deposit $332,000 in escrow with Crestmark's attorneys (the "Jaffe firm").

On October 24, 2013, Tarheel filed for Chapter 7 bankruptcy in the Middle District of North Carolina. Electrolux is not listed in Tarheel's schedules as a creditor or included in the

Creditor Matrix. Consequently, Electrolux was unaware of Tarheel's bankruptcy. Crestmark is listed as a secured creditor and included in the Creditor Matrix.

On February 21, 2014, the Jaffe Firm filed an interpleader action against Crestmark and Electrolux in Michigan state court related to the escrow deposit.

Despite entering into the Accommodation Agreement, Crestmark refused to allow Tarheel to return Electrolux's resin stocks. Crestmark also refused a setoff against Tarheel's invoices. On February 28, 2014, Electrolux filed the instant action against Tarheel and Crestmark in Mecklenburg County Superior Court. Electrolux stated claims against Tarheel for breach of contract and declaratory relief related to the resin stocks, valued in excess of $210,000.00, as well as possible offsets. Electrolux sued against Crestmark for declaratory relief, tortious interference with contract, and unfair and deceptive trade practices.

Electrolux served Crestmark with process on March 3, 2014. Crestmark participated in the state court proceedings, including the filing, briefing, and arguing of a substantive motion to dismiss, which was denied.

On March 11, 2014, Electrolux filed its Motion for Consent of Trustee to Retroactive Relief from Stay in the Bankruptcy Court seeking "relief from the automatic stay of 11 U.S.C. § 362(a), nunc pro tunc as of February 24, 2014, to pursue litigation in the courts of the State of North Carolina." The Court granted the Motion on March 17, 2014.

On June 5, 2014, Crestmark removed the case to this Court alleging that its Notice of Removal was timely under 28 U.S.C. §§ 1441 and 1446 because it "has learned that Electrolux fraudulently included Tarheel as a 'sham' defendant in order to destroy diversity." Doc. 1 ¶ 29. On June 12, 2014, Crestmark filed its "Motion to Dismiss and/or Change Venue," Doc. 8. On

June 25, 2014, Electrolux filed its "Motion to Remand, Motion for Award of Costs and Fees, and Supporting Memorandum of Law," Doc. 12.

Electrolux alleges that Crestmark's Notice of Removal was untimely and that the mere fact that Tarheel is out of business or even bankrupt does not make it a "sham" defendant. Electrolux also seeks an award of costs and expenses, including attorneys' fees, pursuant to 28 U.S.C. § 1447(c). Crestmark argues that its Notice of Removal was timely and that it was not until Electrolux filed its Brief in Opposition to Crestmark's Motion to Dismiss in Mecklenburg County Superior Court that it was able to conclude that Tarheel was a "sham" defendant. The Motion has been fully briefed and is now ripe for review.

## II. DISCUSSION

Subject matter jurisdiction is a threshold issue. Absent a proper basis for subject matter jurisdiction a case that has been removed must be remanded. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

A case falls within the district court's jurisdiction only where diversity of citizenship among the parties is complete and the amount in controversy exceeds $75,000. 28 U.S.C. §

1332(a). If any defendant resides in the same state as any plaintiff, complete diversity is lacking and there is no federal jurisdiction. Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). Here, the parties agree that diversity exists between Electrolux and Crestmark. The parties also agree that the amount in controversy exceeds $75,000. However, Crestmark argues in its Notice of Removal that "Electrolux fraudulently included Tarheel as a 'sham' defendant in this action to destroy diversity jurisdiction." Doc. 1 ¶ 29.

"The burden of establishing federal jurisdiction is placed upon the party seeking removal. Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted). The doctrine of fraudulent joinder "permits removal when a non-diverse party is (or has been) a defendant in the case." Mayes, 198 F.3d at 461. In essence, the fraudulent joinder doctrine allows a court "to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." Id.

A defendant seeking removal of a state court action to federal court bears a heavy burden of establishing that a non-diverse party has been fraudulently joined. See id. at 464. In order to establish the existence of fraudulent joinder,

> the removing party must establish either: that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

Id. (emphasis in original) (citation and alterations omitted). In applying this strict standard, "[a] claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be

asserted." Marshall v. Manville Sales Corp., 6 F.3d 229, 233 (4th Cir. 1993). Furthermore, the Fourth Circuit has emphasized that the standard for evaluating fraudulent joinder "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999). Courts should "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Id. at 425 (citation omitted).

In evaluating a claim of fraudulent joinder, all legal and factual issues must be resolved in favor of the plaintiff. Mayes, 198 F.3d at 464. The court "is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." Id. (citation and internal quotation marks omitted).

Therefore, for Crestmark to establish fraudulent joinder here, it must demonstrate that Electrolux has fraudulently pled jurisdictional facts or that it has no possibility of succeeding on its claims against Tarheel in state court. See Marshall, 6 F.3d at 232-33.

Crestmark has not alleged that Electrolux fraudulently pled any jurisdictional facts. Electrolux initiated this action in state court and clearly alleged Tarheel's North Carolina citizenship. Therefore, this Court's inquiry is limited to whether Electrolux has even a "glimmer of hope" of sustaining a claim against Tarheel. Hartley, 187 F.3d at 426. The Court cannot "delv[e] too far into the merits in deciding a jurisdictional question." Id. at 425. The jurisdictional inquiry ends if there is only the slight possibility of a right to relief. Id.

Crestmark argues that Tarheel is a "sham" defendant because of its bankruptcy status. Electrolux had no knowledge of the bankruptcy at the time it filed the instant action. More importantly, the mere fact that Tarheel is bankrupt does not make it a "sham" defendant.

> [T]he automatic stay triggered by [a non-diverse defendant's] petition for bankruptcy is not tantamount to a dismissal of [the non-diverse defendant] from the case…. The mere fact that [the non-diverse defendant] filed a Chapter 7 petition for bankruptcy … does not mean that Plaintiffs cannot establish their stated claims against [the non-diverse defendant] or that [the non-diverse defendant] is somehow not liable to Plaintiffs for its alleged debts and obligations as a matter of law.

Sutton Woodworking Machine Co. v. Mereen-Johnson Machine Co., 328 F. Supp. 2d 601, 607 (M.D.N.C. 2004). See also Stewart v. A.G. Edwards & Sons, Inc., 74 B.R. 26, 27 (D.S.C. Bankr. 1987) (holding that while bankruptcy operates as a stay of the commencement or continuation of a judicial proceeding, it is not tantamount to a dismissal of a non-diverse defendant).

It is Electrolux's intent to obtain a judgment, not whether it can collect the judgment, that controls "without regard to whether the plaintiff's motive in joining the 'poor' defendant was to destroy diversity." Storr Office Supply Div. v. Radar Bus. Sys.- Raleigh, Inc., 832 F. Supp. 154, 157 (E.D.N.C. 1993).

> [T]he plaintiff has alleged a cause of action against [the non-diverse defendant] for breach of contract which is direct evidence of the plaintiff's intent to obtain a judgment against [the non-diverse defendant]. The [removing] defendants have not asserted that the plaintiff's breach of contract claim lacks any arguable basis in law or fact. They rely on the argument that, because the plaintiff most likely will be unable to collect a judgment from [the non-diverse defendant], joinder of [the non-diverse defendant] must be fraudulent. [But a] defendant's inability to satisfy a judgment bears no relation to the plaintiff's intent to obtain a judgment.

Id.

Crestmark argues that Tarheel is a "sham" defendant because the Bankruptcy Court's order lifting the automatic stay "prohibits Electrolux from pursuing any claims or affirmative relief against Tarheel outside the Bankruptcy Court". Doc. 1 ¶ 32(2). This is incorrect. The Bankruptcy Court only ordered that "Electrolux may not enforce

affirmative relief against Debtor <u>without further order of the Court</u>…." Doc. 1-6 (emphasis added). The Bankruptcy Court left open the possibility of Electrolux seeking broader relief from the stay. These limitations do not convert Tarheel into a "sham" defendant. <u>See</u>, e.g., <u>Rabun v. Honda Motor Co.</u>, 9:10-cv-584, 2010 WL 3058716 (D.S.C. Aug. 2, 2010)(remanding diversity action to state court even though order lifting stay limited the plaintiff to pursuing only the bankrupt defendants' insurance coverage).

The undersigned cannot find that Electrolux lacks even a "glimmer of hope" of succeeding against Tarheel in state court. Therefore, Crestmark has failed to carry its heavy burden of establishing fraudulent joinder. The undersigned respectfully recommends that Plaintiff's Motion to Remand be <u>granted</u>.[1]

Electrolux has moved for costs and expenses, including attorneys' fees, incurred in connection with the removal. These are recoverable in the discretion of the Court. 28 U.S.C. § 1447(c). Such an award is not made as a matter of course but rather where "the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005). The undersigned does not find that Crestmark's arguments lack an objectively reasonable basis for seeking removal. Therefore, the undersigned respectfully recommends that Electrolux's Motion for costs and expenses be <u>denied</u>.

Since remand is recommended here, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>denied as moot</u>.

---

[1] Since the undersigned recommends remand, Electrolux's arguments regarding the timeliness of Crestmark's Notice of Removal have not be addressed.

**ORDER**

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

**RECOMMENDATION**

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Plaintiffs' Motion to Remand and for Award of Costs and Expenses," Doc. 4, be **GRANTED IN PART** and **DENIED IN PART** and that "Defendant's Motion to Dismiss and/or Change of Venue," Doc. 8, be **DENIED AS MOOT**.

**NOTICE OF APPEAL RIGHTS**

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED AND RECOMMENDED**.

Signed: August 26, 2014

David S. Cayer
United States Magistrate Judge