IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-298-RJC-DSC

| ELECTROLUX HOME PRODUCTS, INC., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CRESTMARK BANK AND TARHEEL PLASTICS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on Defendant's "Motion to Dismiss and/or Change Venue," (Doc. 8), Plaintiff's "Motion to Remand, Motion for Award of Costs and Fees and Supporting Memorandum of Law," (Doc. 12), and the parties' associated briefs and exhibits. See Docs. 9, 15-19.

Under 28 U.S.C. § 636(b)(1)(B), this matter was designated to the Magistrate Judge to consider and recommend disposition in these motions. In a Memorandum and Recommendation ("M&R") filed August 27, 2014, the Magistrate Judge recommended that Plaintiff's Motion to Remand be granted; Plaintiff's Motion for Award of Costs and Expenses be denied; and Defendant's Motion to Dismiss be denied. Plaintiff filed Objections to the M&R of the Magistrate Judge on September 15, 2014, and Defendant filed a Reply to Plaintiff's Objections on October 2, 2014. It is ripe for review.

**I.  BACKGROUND**

Plaintiff Electrolux Home Products, Inc. ("Electrolux") is a Delaware corporation with its national headquarters in Charlotte, North Carolina. Defendant Tarheel Plastics, LLC ("Tarheel")

1

is a North Carolina corporation with its principal place of business in Lexington, North Carolina. Defendant Crestmark Bank ("Crestmark") is a Michigan banking corporation with its principal place of business in Detroit, Michigan.

According to Plaintiff's Complaint, Tarheel contracted with Electrolux to provide certain plastic parts to Electrolux plants in North Carolina, South Carolina, and Mexico during 2008. Crestmark and Tarheel are parties to various agreements in connection with loans by Crestmark to Tarheel. The loans were secured by first priority security interests in all of Tarheel's personal property, including accounts receivable, inventory and equipment.

In 2013, Tarheel ceased its operations and Electrolux demanded that Tarheel return all of its manufactured plastics parts, proprietary tooling and molds, and resin stocks. Crestmark objected to Electrolux taking possession of these items based upon its position as a secured creditor of Tarheel. In order to avoid plant closures, Electrolux entered into an Accommodation Agreement with Crestmark on October 4, 2013. The Agreement required Electrolux to pay Crestmark $100,000 and deposit $332,000 in escrow with Crestmark's attorney (the "Jaffe firm").

On October 24, 2013, Tarheel filed for Chapter 7 bankruptcy in the Middle District of North Carolina. Electrolux was not listed in Tarheel's schedules as a creditor or included in the Creditor Matrix. Consequently, Electrolux was unaware of Tarheel's bankruptcy. Crestmark was listed as a secured creditor and included in the Creditor Matrix. Despite entering into the Accommodation Agreement, Crestmark refused to allow Tarheel to return Electrolux's resin stocks. Crestmark also refused a setoff against Tarheel's invoices.

On February 28, 2014 Electrolux filed the instant action against Tarheel and Crestmark in Mecklenburg County Superior Court. Electrolux stated claims against Tarheel for breach of

contract and declaratory relief related to the resin stocks, valued in excess of $210,000.00, as well as possible offsets. Electrolux sued against Crestmark for declaratory relief, tortious interference with contract, and unfair and deceptive trade practices.

Electrolux served Crestmark with process on March 3, 2014. Crestmark participated in the state court proceedings, including the filing, briefing, and arguing of a substantive motion to dismiss, which was denied. On March 11, 2014, Electrolux filed its Motion for Consent of Trustee to Retroactive Relief from Stay in the Bankruptcy Court seeking "relief from automatic stay of 11 U.S.C. § 362(a), nunc prop tunc as of February 24, 2014, to pursue litigation in the courts of the State of North Carolina." The Court granted the Motion on March 17, 2014.

On June 5, 2014, Crestmark removed the case to this Court alleging that its Notice of Removal was timely under 28 U.S.C. §§ 1441 and 1446 because it "has learned that Electrolux fraudulently included Tarheel as a 'sham' defendant in order to destroy diversity." (Doc. 1 ¶ 29). On June 12, 2014, Crestmark filed its "Motion to Dismiss and/or Change Venue," (Doc. 8). On June 25, 2014, Electrolux filed its "Motion to Remand, Motion for Award of Costs and Fees, and Supporting Memorandum of Law," (Doc. 12).

Electrolux alleges that Crestmark's Notice of Removal was untimely and that the mere fact that Tarheel is out of business or even in bankruptcy does not make it a "sham" defendant. Electrolux also seeks an award of costs and expenses, including attorneys' fees, pursuant to 28 U.S.C. § 1447(c). Crestmark argues that its Notice of Removal was timely and that it was not until Electrolux filed it's Brief in Opposition to Crestmark's Motion to Dismiss in Mecklenburg County Superior Court that it was able to conclude that Tarheel was a "sham" defendant. The Magistrate Judge recommended that this Court grant in part and deny in part Plaintiff's Motion and to deny Defendant's Motion.

## II.     STANDARD OF REVIEW

The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). *De novo* review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to a specific error in the magistrate judge's recommendations. Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 178 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly this Court has conducted a careful review of the Magistrate Judge's M&R.

## III.    DISCUSSION

Defendant objects only to the portion of the Recommendation that recommends remanding this case to the North Carolina state court and denial of Defendant's Motion to Dismiss. The Court now considers Defendant's specific objections, all which center on the Magistrate Judge's conclusion that Tarheel was not a fraudulently joined party.

Specifically, Defendant objects to these findings of fact and law made in support of the Recommendation: (a) the Recommendation's conclusion that Electrolux's "intent" in pursuing a claim against Tarheel at the onset of the litigation overrides Electrolux's lack of good faith in actually pursuing the claims to monetary judgment; (b) the Recommendation's failure to address Electrolux's lack of good faith in pursuing its "claims" against Tarheel to monetary judgment; (c) the Recommendation's failure to address Electrolux's admissions that Tarheel is included in this litigation as a "nominal" defendant; (d) the Recommendation's reliance on the theoretical

possibility that Electrolux could obtain further relief from the Consent Lift Stay Order from Bankruptcy Court; (e) the Recommendation's conclusion that despite the automatic stay of Tarheel's bankruptcy, Electrolux still had the theoretical possibility of obtaining relief against Tarheel; and (f) the Recommendation's misplaced reliance on Rabun v. Honda Motor Co., 9-10-cv-584, 2010 WL 3058716 (D.S.C. Aug. 2, 2010) for its conclusion that a bankrupt debtor is not a sham defendant. See Doc. 21 at 9-10.

    A.    Fraudulent Joinder

The doctrine of fraudulent joinder permits the court, in some instances, to disregard the presence of a non-diverse Defendant for purposes of determining the existence of diversity jurisdiction. Mayes v. Rapport, 198 F.3d 457, 461 (4th Cir. 1999); see also Barlow v. Colgate Palmolive Co., No. 13-1839, 2014 WL 6661086, at *13 (4th Cir. 2014). In the Fourth Circuit, "to show fraudulent joinder, the removing party must demonstrate either outright fraud in the plaintiff's pleading of jurisdictional facts or that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999). The party that alleges "fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim after resolving all issues of fact in the plaintiff's favor. This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Harley, 187 F.3d at 424 (4th Cir. 1999). In applying this strict standard, "[a] claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." Marshall, 6 F.3d at 233 (4th Cir. 1993). If any doubt exists, "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Marshall, 6 F.3d at 232.

Here, Crestmark has not alleged that Electrolux fraudulently pled any jurisdictional facts. Electrolux initiated this action in state court and clearly alleged Tarheel's North Carolina citizenship. The crux of this case is whether Crestmark has met its burden of showing that there is no possibility that Electrolux could establish a cause of action against Tarheel in state court. Id. If Electrolux has any available claims against Tarheel, regardless of their likelihood of success, then the doctrine of fraudulent joinder is not applicable, and the case must be remanded. See Signalife, Inc. v. Rubbermaid, Inc., 3-07-cv-56 2007 WL 2815737 *1, *2 (W.D.N.C. Sept. 20, 2007). This Court finds that Crestmark has failed to meet its burden and therefore this case must be remanded to state court.

In February 2014, Electrolux filed its Complaint against Tarheel and Crestmark in Mecklenburg Superior Court. In the Complaint Electrolux alleged cognizable claims against Tarheel for breach of contract and declaratory relief. Doc. 1 at 7-8. Electrolux has supported each of its pleadings with alleged facts which, when viewed in the light most favorable to the Plaintiff, shows that a valid claim against Tarheel exists. Therefore, this Court cannot find this joinder to have been performed fraudulently. See Marshall, 6 F.3d at 232; Signalife, 2007 WL 2815737 at *3 (W.D.N.C. April 10, 2008) (stating that if Plaintiff has alleged valid claims against Defendant, regardless of their likelihood of success, the case must be remanded).

Crestmark has failed to contest the validity of Electrolux's claims against Tarheel. Crestmark instead relies on the argument that Electrolux lacked good faith in actually pursuing the claims to monetary judgment in the state court action. To support this argument Crestmark points to several facts: Tarheel is bankrupt; the Consent Lift Stay Order prohibits Electrolux from pursuing any claims or affirmative relief against Tarheel outside of the Bankruptcy Court; the state court action has been pending for seven months and Electrolux has made no attempt to

pursue any type of relief against Tarheel; and lastly, the fact that the dispute is between Crestmark and Electrolux only with Tarheel being a "nominal" defendant. See Doc. 21 at 13.

It is Electrolux's intent to obtain a judgment, not whether it can collect the judgment that controls "without regard to whether the plaintiff's motive in joining the 'poor' defendant was to destroy diversity." Storr Office Supply Div. v. Radar Bus. Sys.- Raleigh, Inc., 832 F. Supp. 154, 157 (E.D.N.C. 1993). This Court's inquiry is limited to whether Electrolux has even a "glimmer of hope" of sustaining a claim against Tarheel. Hartley, 187 F.3d at 426. The jurisdictional inquiry ends if there is the slight possibility of a right to relief. Id. Electrolux has alleged valid claims against Tarheel and this Court finds that Electrolux has at minimum a "glimmer of hope" of sustaining its claims against Tarheel in state court. Crestmark has failed to carry its heavy burden of establishing fraudulent joinder.

B.  Tarheel's Bankruptcy

Crestmark objects to the Recommendation's conclusion that despite the automatic stay of Tarheel's bankruptcy, Electrolux still had the possibility of obtaining relief against Tarheel. The mere fact that a non-diverse defendant "filed a Chapter 7 petition for bankruptcy …does not mean that Plaintiffs cannot establish their stated claims against [the non-diverse defendant] or that [the non-diverse defendant] is somehow not liable to Plaintiffs for its alleged debts and obligations as a matter of law." Sutton Woodworking Machine Co. v. Mereen-Johnson Machine Co., 328 F. Supp. 2d 601, 607 (M.D.N.C. 2004); see also Stewart v. A.G. Edwards & Sons, Inc., 74 B.R. 26, 27 (D.S.C. Bankr. 1987) (holding that while bankruptcy operates as a stay of the commencement or continuation of a judicial proceeding, it is not tantamount to a dismissal of a non-diverse defendant).

Here, Crestmark argues that Tarheel is a "sham" defendant because the Consent Lift Stay Order prohibits Electrolux from pursuing any claims or affirmative relief against Tarheel outside of the Bankruptcy Court. However, the Bankruptcy Court only ordered that "Electrolux may not enforce affirmative relief against Debtor without further order of the Court…" Doc. 1-6. The Bankruptcy Court left open the possibility of Electrolux seeking broader relief from the stay.

Crestmark further objects to the Recommendation's reliance on Rabun v. Honda Motor Co., 9:10-cv-584, 2010 WL 3058716 (D.S.C. Aug. 2, 2010) for its conclusion that a bankrupt debtor is not a sham defendant. In Rabun, the plaintiff obtained an order to lift stay from bankruptcy court to proceed against the non-diverse bankrupt defendants' insurance policies. Id. Crestmark asserts that in Rabun the plaintiff was pursuing in good faith efforts to obtain a monetary judgment on its claims. Crestmark further contends that Electrolux has presented no set of facts indicating that it has a possibility of recovering a monetary award against Tarheel nor in the past seven months has Electrolux made any attempt to pursue a judgment of its claims against Tarheel. However, the fact that Tarheel is bankrupt and that Electrolux has not pursued a monetary judgment against Tarheel does not mean that Electrolux cannot establish their stated claims against Tarheel in state court. See Sutton, 328 F. Supp. 2d at 607.

C. Nominal Defendant

Finally, Crestmark objects to the Recommendation's failure to find that Electrolux's admission that Tarheel is included in this litigation as a "nominal" defendant as proof of bad faith. See Doc. 1-5. Notwithstanding the label, Tarheel is a necessary party and central to the issues in this action. Prior to Crestmark entering into a contractual relationship with Tarheel, Electrolux had contracted solely with Tarheel to supply certain plastic parts to Electrolux plants in North Carolina, South Carolina, and Mexico. Electrolux has articulated valid claims against

Tarheel for breach of contract and declaratory judgment. Electrolux's labeling of Tarheel as a "nominal" defendant does not prove Electrolux had no good faith intent to pursue any claims against Tarheel.

## IV. CONCLUSION

The Court finds that complete diversity exists. Therefore, this Court **adopts** the findings of fact and conclusions of law specified in the Magistrate Judge's M&R.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Remand is **GRANTED;**

2. Plaintiff's Motion for Award of Costs and Expenses is **DENIED;**

3. Defendant's Motion to Dismiss and/or Change Venue, (Doc. 8), is **DENIED;** and

4. The Clerk of Court is directed to close this case.

Signed: December 16, 2014

Robert J. Conrad, Jr.
United States District Judge